```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF INDIANA
              FORT WAYNE DIVISION


GREG SHOCKLEY,                    )
                                  )
Plaintiff,                        )
                                  )
vs.                               )   No. 1:08-CV-78
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of Social            )
Security,                         )
                                  )
Defendant.                        )
```

## OPINION AND ORDER

This matter is before the Court for review of the Commissioner of Social Security's decision denying Disability Insurance Benefits to Plaintiff, Greg Shockley. For the reasons set forth below, the Commissioner of Social Security's final decision is **REVERSED** and this case is **REMANDED** for proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. section 405(g).

BACKGROUND

On September 13, 2004, Plaintiff, Greg Shockley ("Shockley"), applied for Social Security Disability Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. section 401 et seq. Shockley alleges his disability began on December 11, 2003, the date Shockley fell at work. (Tr. 52). The Social Security Administration denied his initial application and also denied his claims on reconsideration.

On December 5, 2006, Shockley appeared at an administrative hearing before Administrative Law Judge ("ALJ") Yvonne K. Stam. Testimony was provided by Shockley and Robert S. Barkhaus, Ph.D. (a vocational expert). On July 6, 2007, ALJ Stam denied Plaintiff's DIB claim, finding that, during the period from December 11, 2003 (the onset date), through July 6, 2007 (the date of the ALJ's decision), Shockley had not been under a "disability" as defined in the Social Security Act.

Plaintiff requested that the Appeals Council review the ALJ's decision. This request was denied. Accordingly, the ALJ's decision became the Commissioner's final decision. *See* 20 C.F.R. § 422.210(a)(2005). Plaintiff has initiated the instant action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. section 405(g).

DISCUSSION

Facts

Shockley was born on July 24, 1954. (Tr. 22). Shockley alleges the following impairments: back injury, degenerative disk disease, and shoulder problems. Shockley alleges that he has been disabled since December 11, 2003, when he fell at work. (Tr. 52). Grogg's education consists of a GED. (Tr. 22). His past relevant work includes work at an automobile axle factory as both a machine operator and services maintenance worker. (Tr. 53).

The medical evidence can be summarized as follows:

Shockley underwent his first back surgery in March 2002. (Tr. 52, 212). Following this surgery (a lumbar disk surgery), Shockley was able to return to work for over a year. (Tr. 52). On December 11, 2003, Shockley fell at work. (Id.) Three days later, he went to the Dupont Hospital Emergency Room, where he was examined by Dr. Charles Kalstead. (Tr. 231-325). He was walking with a limping gait and had high blood pressure. (Tr. 234). He followed up with a physician and underwent a lumbar spine MRI which showed postoperative changes, a small protrusion into the right L3-4 foramen, and a possible recurrent disc protrusion. (Tr. 141).

In February 2004 Shockley underwent revision surgery for his right lumbar discectomy. (Tr. 79-A, 113). In August 2004, Shockley underwent yet another surgery involving L4-5 and L5-S1 decompression, lateral mass fusion and posterior lateral interbody fusion with posterior instrumentation. (Tr. 219).

Shockley also underwent several courses of physical therapy, and was prescribed a variety of pain medications, although the details of these treatments are not relevant to this Court's decision today.

Review of Commissioner's Decision

This Court has authority to review the Commissioner's decision to deny social security benefits. 42 U.S.C. § 405(g). "The findings of the Commissioner of Social Security as to any fact, if supported

by substantial evidence, shall be conclusive . . . ." *Id.* Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a decision." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In determining whether substantial evidence exists, the Court shall examine the record in its entirety, but shall not substitute its own opinion for the ALJ's by reconsidering the facts or re-weighing evidence. *Jens v. Barnhart*, 347, F.3d 209, 212 (7th Cir. 2003). With that in mind, however, this Court reviews the ALJ's findings of law de novo and if the ALJ makes an error of law, the Court may reverse without regard to the volume of evidence in support of the factual findings. *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999).

As a threshold matter, for a claimant to be eligible for DIB benefits under the Social Security Act, the claimant must establish that he is disabled. To qualify as being disabled, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A) and 1382(a)(1). To determine whether a claimant has satisfied this statutory definition, the ALJ performs a five step evaluation:

Step 1: Is the claimant performing substantial gainful activity: If yes, the claim is disallowed; if no, the inquiry proceeds to Step 2.

Step 2:   Is the claimant's impairment or combination of impairments "severe" and expected to last at least twelve months? If not, the claim is disallowed; if yes, the inquiry proceeds to Step 3.

Step 3:   Does the claimant have an impairment or combination of impairments that meets or equals the severity of an impairment in the SSA's Listing of Impairments, as described in 20 C.F.R. § 404, Subpt. P, App. 1? If yes, then claimant is automatically disabled; if not, then the inquiry proceeds to Step 4.

Step 4:   Is the claimant able to perform his past relevant work? If yes, the claim is denied; if no, the inquiry proceeds to Step 5, where the burden of proof shifts to the Commissioner.

Step 5:   Is the claimant able to perform any other work within his residual functional capacity in the national economy: If yes, the claim is denied; if no, the claimant is disabled.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v); *see also Herron v. Shalala*, 19 F.3d 329, 333 n. 8 (7th Cir. 1994).

In this case the ALJ found that Shockley suffers a severe impairments; namely, a disorder of the spine. (Tr. 19). The ALJ further found that Shockley did not meet or medically equal one of the listed impairments, and could not perform any of his past relevant work, but nonetheless retained the physical residual functional capacity to perform light work that allows him to alternate between sitting and standing as needed. (Tr. 19-22). Further, that he is able to lift and carry twenty pounds occasionally and ten pounds frequently. He is only occasionally able to climb, balance, stoop, kneel, crouch, and crawl. (Tr. 20). With these limits in mind, the ALJ found that there are jobs that exist in significant numbers in the national economy that Shockley can perform; namely, small products

assembler, cashier, or electronics worker. (Tr. 23). Thus, Shockley's claim failed at step 5 of the evaluation process. (Tr. 23-24). Shockley believes that the ALJ committed several errors requiring reversal. Specifically, Shockley claims that the ALJ's finding that he does not have an impairment or combination of impairment listed in, or medically equal to one listed in Appendix 1, subpart P, regulations No.4, is not supported by substantial evidence. Furthermore, that the ALJ's finding that Shockley's statements concerning his impairments are not credible is not supported by substantial evidence. Additionally, Shockley does not believe that the ALJ's findings regarding his residual functional capacity are supported by substantial evidence. Lastly, Shockley does not believe that the ALJ's finding that he can perform substantial gainful activity is supported by substantial evidence.

Credibility Determination

Shockley claims that the ALJ failed to properly evaluate the credibility of his testimony. Because the ALJ is best positioned to judge a claimant's truthfulness, this Court will overturn an ALJ's credibility determination only if it is patently wrong. *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004). However, when a claimant produces medical evidence of an underlying impairment, the ALJ may not ignore subjective complaints solely because they are unsupported by objective evidence. *Schmidt v. Barnhart*, 395 F.3d 737, 745-47 (7th

Cir. 2005). Instead, the ALJ must make a credibility determination supported by record evidence and be sufficiently specific to make clear to the claimant and to any subsequent reviewers the weight given to the claimant's statements and the reasons for that weight. *Lopez v. Barnhart*, 336 F.3d 535, 539-40 (7th Cir. 2003).

In evaluating the credibility of statements supporting a Social Security Application, the Seventh Circuit Court of Appeals has noted that an ALJ must comply with the requirements of Social Security Ruling 96-7p. *Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002). This ruling requires ALJs to articulate "specific reasons" behind credibility evaluations; the ALJ cannot merely state that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." SSR 96-7p. Furthermore, the ALJ must consider specific factors when assessing the credibility of an individual's statement including:

1. The individual's daily activities;
2. The location, duration, frequency and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effect of any medications the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p; *see also Golembiewski v. Barnhart*, 322 F.3d 912, 915-16 (7th Cir. 2003).

The ALJ's opinion, in examining Shockley's residual functional capacity, notes the following:

> In coming to this conclusion, the undersigned assigns greatest weight to the State Agency medical opinion of record, with the additional limitation (provided by Dr. Williams) that he needs to be able to alternate between sitting and standing. There is, however, no reason to limit the claimant to lifting and carrying just ten pounds (much less nothing at all as opined by Dr. Reecer) for any durational period or to completely prevent him from bending, twisting, climbing, or working above shoulder level. There is also no objective medical evidence to support a finding that the claimant would not be able to maintain regular attendance at a job that involved limitations supported by his residual functional capacity or that he needs to lie down on the floor with his feet on the couch twice everyday. He also does not need to use an assistive device in order to ambulate and his muscle strength in his lower extremities was graded, at worse, at just "4" out of "5". The claimant's allegations are therefore found not entirely credible.

(Tr. 22).

Nothing further regarding credibility is included in the ALJ's opinion. The ALJ did not specifically state what portions of the claimant's testimony were credible and what portions were not. The ALJ's opinion falls fall short of the requirements of SSR 96-7p

It is noted that, in an attempt to defend the ALJ's credibility assessment, the Commission states that "the record as a whole presented sufficient evidence to undermine Plaintiff's testimony and allegations of disabling pain." [DE 22 at 16]. The Commission then sets forth various bits of evidence that might have been used by the

ALJ to support her conclusion. This Court cannot rely on the post-hoc reasoning provided by the Commission, and it is therefore disregarded. *N.L.R.B. v. Kentucky River Community Care, Inc.*, 532 U.S. 706, 715 n.1 (2001).

The ALJ's explanation for not treating Shockley's testimony as fully credible is inadequate. The facts of record *may* leave room for an ALJ to reach the conclusion that ALJ Stam reached. The problem is not the conclusion, but the failure to explicitly set forth the analysis in the decision. Because the ALJ's decision, adopted by the Commissioner, committed an error of law, reversal is required irrespective of the volume of evidence that *may* support the finding of fact.

Other Arguments

In addition to the above arguments, Shockley argues that the ALJ's finding that his impairments do not meet or equal a listed impairment in Appendix 1, Subpart P, Regulation NO. 4 lacks substantial evidence, that the ALJ erred in assessing Shockley's residual functional capacity, and in concluding that Shockley is capable of performing substantial gainful activity. Because this case must be remanded, as explained above, this Court need not consider these arguments and expresses no opinion on them.

CONCLUSION

For the reasons set forth above, the Commissioner of Social Security's final decision is **REVERSED** and this case is **REMANDED** for proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. section 405(g).


**DATED: May 22, 2009**					/s/RUDY LOZANO, Judge
							**United States District Court**